USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/30/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODERICK D. MOSLEY,

                Plaintiff,

        -v-

MUSIC TIMES, LLC,

                Defendant.

**ORDER**

25-CV-4015 (JLR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On September 24, 2025, the Court entered a Scheduling Order for Damages Inquest directing Plaintiff to serve Proposed Findings of Fact and Conclusions of Law. *See* ECF No. 40 (the "Order"). On November 21, 2025, Plaintiff filed his Proposed Findings of Fact, ECF No. 42-1 (the "Proposed Findings").

"[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983, 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 4532201 (Aug. 29, 2016). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Upon initial review, the Proposed Findings are inadequate to establish

1

damages with reasonable certainty.  <u>Plaintiff must submit admissible evidence that supports the relief he seeks.  The failure to do so will result in a recommendation that final judgment not be entered in the amount claimed.</u>  The Court includes below a non-exhaustive list of specific deficiencies in the Proposed Findings that Plaintiff must cure:

1. Plaintiff states that "he has suffered lost business opportunities of at least $75,000."  Proposed Findings ¶ 4.  However, Plaintiff only provides evidence regarding the amount he earned for a single business opportunity from before the article was published.  *Id.* ¶ 5.  Plaintiff does not identify any admissible evidence supporting his claim that he lost business opportunities, or any evidence to determine how much money he lost as a result of the article.

2. Plaintiff states that "[w]hile there is no one way to calculate pain and suffering, one way is to multiply out of pocket loss by a multiplier of lost wages.  Because of the evidence submitted by the Plaintiff and his medical professionals to support his claims, the Court finds that a multiplier of two [is] more than fair and awards $150,000 for Plaintiff's pain and suffering."  *Id.* ¶ 13.  Plaintiff must provide admissible evidence to support his claim of lost wages, as well as some legal authority to support the proposed multiplier.

3. Plaintiff states that "[t]here is no way to calculate general damages" and nevertheless requests an award of $225,000.  *Id.* ¶ 17.  Plaintiff must describe how he calculated that figure.

4. Plaintiff states that "there is no way to calculate punitive damages, but the Court finds that 50% of the total general and special damages is a fair calculation for punitive damages, which amounts to $225,000." *Id.* ¶ 26. Plaintiff must provide legal authority for the proposition that 50% of the total general and special damages is a fair calculation for punitive damages.

Plaintiff is directed to file an amended version of his Proposed Findings that comply with these directions and those included in the Order by **May 29, 2026**. Plaintiff shall also serve Defendant with the amended Proposed Findings, as well as this order, and file proof of service by **May 29, 2026**. Defendant shall file its response, if any, no later than **June 29, 2026**.

**SO ORDERED.**

Dated: April 30, 2026
     New York, New York

Henry J. Ricardo
United States Magistrate Judge

3